UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBER GETZ, | |
| Plaintiff, | CIVIL ACTION NO. 1:22-CV-01849 |
| v. | (MEHALCHICK, M.J.) |
| LAND O'LAKES/PURINA, | |
| Defendant. | |

**MEMORANDUM**

*Pro se* Plaintiff Herbert Getz ("Getz") initiated this civil rights action seeking monetary damages by filing a complaint pursuant to 28 U.S.C. § 1331 on November 21, 2022, against Defendant Land O'Lakes/ Purina ("Defendant"). (Doc. 1). Having conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Court finds that the complaint fails to state a claim upon which relief may be granted. (Doc. 1).

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On November 21, 2022, Getz filed the instant complaint and a motion to proceed *in forma pauperis*.[1] (Doc. 4). In the complaint, Getz asserts that he was employed by Defendant from December 12, 2019, to June 20, 2020, when he was forced to resign. (Doc. 1, ¶¶ 6-7). Getz explains that on March 17, 2020, he filed a complaint of discrimination against Defendant with the Pennsylvania Human Relations Commission alleging that Defendant subjected Getz to discriminatory practices "based on his . . . race, sexual orientation, and violations of his rights under HIPPA" during his employment. (Doc. 1, ¶ 9). Getz claims that

---

[1] The Court will address Getz's motion to proceed *in forma pauperis* in a separate Order. (Doc. 4).

he has suffered severe financial, physical, and emotional hardship as a direct result of his treatment at Defendant. (Doc. 1, at 5). Getz asserts claims under Title VII of the Civil Rights Act of 1964 and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") against Defendant. (Doc. 1, ¶¶ 12, 17). Getz also alleges Defendant violated his rights under the Fifth Amendment and raises supplemental claims of conspiracy and intentional infliction of emotional distress ("IIED"). (Doc. 1, ¶¶ 7, 17, 19-21). For relief, Getz seeks an award of monetary damages. (Doc. 1, at 7).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. See 28 U.S.C. § 1915(e)(2). In this case, because Hunter is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully

4

pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.  DISCUSSION

#### A.  FEDERAL LAW CLAIMS

Upon review of Getz's complaint, the Court finds that Getz's complaint should be dismissed for the failure to state a claim as defined under Rule 8(a) of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is also proper where a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

First, to the extent that Getz attempts to raise a claim under Title VII of the Civil Rights of 1964, Getz fails to set forth plausible claims. (Doc. 1). To establish a *prima facie* case of race discrimination under Title VII, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999).

5

Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

Here, although Getz has adequately alleged that he belongs to a protected class and was forced to resign from his employment with Defendant, Getz's pleading does not demonstrate that he was subject to circumstances that may give rise to an inference of unlawful discrimination. (Doc. 1, ¶¶ 4-7). Getz does not (1) allege that a "similarly situated employees who . . . were not members of the same protected class . . . were treated more favorably under similar circumstances," or (2) allege facts that "otherwise show[ ] a causal nexus between [the employee's] membership in a protected class and the adverse employment action." *Drummer v. Trustees of Univ. of Pennsylvania*, 286 F.Supp.3d 674, 681 (E.D. Pa. 2017) (citing *Greene v. Virgin Islands Water & Power Authority*, 557 F. App'x 189, 195 (3d Cir. 2014)); *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 n.7 (3d Cir. 2003); *Ally v. Chipotle Mexican Grill*, No. 1:18-CV-02342, 2020 WL 7775455, at *4 (M.D. Pa. Dec. 2, 2020), *report and recommendation adopted*, No. 1:18-CV-2342, 2020 WL 7773757 (M.D. Pa. Dec. 30, 2020) (dismissing *pro se* plaintiff's Title VII claim where plaintiff failed to allege any circumstances giving rise to an inference of discrimination).

To the extent that Getz's complaint can be construed as asserting a claim for hostile work environment on the basis of race under Title VII, Getz similarly fails to set forth a plausible cause of action. To succeed, Getz was required to show that: (1) he suffered intentional discrimination because of his race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would have

detrimentally affected a reasonable person of the same race in his position and (5) there is a basis for employer liability. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996); *Leftwich v. Sec'y United States Dep't of the Treasury*, 741 F. App'x 879, 882 (3d Cir. 2018). Getz asserts that "[d]uring his tenure with [Land O'Lakes], Mr. Getz was subjected to and witnessed numerous incidents of discrimination based on his and other employees' race, sexual orientation . . . ." (Doc. 1, ¶ 12). Getz contends that "[b]y participating in acts which intentionally harmed Mr. Getz, the defendant acted unethically and with bias which is clearly proven based on their sole course of action to deprive Mr. Getz of his rights, and to cause him extreme distress and financial loss to him and his immediate family." (Doc. 1, ¶ 19). Even when liberally interpreted as asserting a hostile work environment claim, Getz's undeveloped and conclusory allegations are insufficient under the federal pleading standards. *Ally*, 2020 WL 7775455, at *4. Accordingly, Getz's complaint fails to state a claim under Title VII for race discrimination or race harassment.

Furthermore, Getz alleges in a conclusory manner an invasion of his privacy in violation of HIPPA. (Doc. 1, ¶¶ 12, 18). Specifically, Getz merely asserts that "[d]uring his tenure with [Land O'Lakes], Mr. Getz was subjected to . . . violations of his rights under HIPPA law as it refers to an undisclosed medical condition," and "[u]ndisclosed medical condition breach of privacy violates HIPPA law protections." (Doc. 1, ¶¶ 12, 18). However, these assertions fail because HIPPA does not provide a private right of action. *Broadnax v. City of Philadelphia*, No. 23-CV-1533, 2023 WL 3097218, at *2 (E.D. Pa. Apr. 26, 2023) (concluding that there is no federal private right of action under HIPPA); *Dominic J. v. Wyoming Valley West High Sch.*, 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005). Accordingly, Getz's HIPPA claims against Defendant are dismissed.

Additionally, the Court finds that Getz has not plausibly pled a violation of his Fifth Amendment due process rights. Here, Getz alleges that the "conduct of the defendants to participate in a conspiracy to deprive Mr. Getz. of finances related to his employment, as well as his right to be heard is violation of his rights to due process under the 5th Amendment." (Doc. 1, ¶ 17). However, Section 1983 does not create substantive rights but instead provides remedies for rights established elsewhere. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir.2009). To show that a defendant acted under color of state law, the plaintiff must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health Systems, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004). Further, "the due process clause under the Fifth Amendment only protects against federal governmental action." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (citing *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir. 1997)); *Thomas v. Penn Waste, Inc.*, No. 1:13-CV-2290, 2013 WL 5522840, at *7 (M.D. Pa. Oct. 3, 2013) ("Insofar as Plaintiff states that Defendant is taking his property in violation of his Fifth Amendment due process rights, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor."); *Hammond v. City of Wilkes-Barre*, No. 3:09-CV-2310, 2012 WL 3542277, at *4 (M.D. Pa. Aug. 14, 2012) (dismissing Fifth Amendment due process claim against state actors, as "it only applies to federal actors."). Here, Defendant is alleged to be Getz's previous employer, not a federal actor. (Doc. 1, at 1). There is nothing in the complaint to indicate that Defendant is a federal actor. Accordingly, Getz's Fifth Amendment due process claim is not cognizable against Defendant and is dismissed.

Overall, notwithstanding the Court's liberal construction of the complaint as is necessary for *pro se* litigants, the instant complaint does not meet the pleading requirements of Rule 8. Getz fails to explain how Defendant discriminated against him or violated any protected constitutional rights. The Court is left to "guess what of the many things discussed constituted [a specific cause of action against Defendant]." *Binsack*, 438 F. App'x at 160. Further, the complaint does not provide any meaningful opportunity for Defendant to decipher or answer the allegations levied against him. *See Twombly*, 550 U.S. at 555.

B. STATE LAW CLAIMS

Because the complaint fails to allege any cognizable federal claims, the Court will not exercise supplemental jurisdiction over Getz's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As Getz asserts that both he and Land O'Lakes are located in Pennsylvania, there is no complete diversity of citizenship. (Doc. 1, ¶¶ 1-2). Accordingly, the state law claims will be dismissed for lack of jurisdiction.

9

## C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the complaint in its current form does not clearly set forth any claims against Defendant, dismissal is warranted. However, so as to preserve Getz's right as a *pro se* litigant, the Court will allow him to file an amended complaint with respect to all other claims, setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Getz is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The complaint must also establish the existence of specific actions taken by Defendants which have resulted in identifiable constitutional violations. Further, Getz is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements will result in the dismissal of this action in its entirety.**

IV.    **CONCLUSION**

Based on the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 1). Getz is **GRANTED** leave to file an amended complaint within 28 days from the date of the Order filed concurrently with this Memorandum Opinion, on or before **Friday, July 28, 2023**.

An appropriate Order follows.

                              **BY THE COURT:**

**Dated: June 30, 2023**                 *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **Chief United States Magistrate Judge**